UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE MCKAY,

    Petitioner,                             Civil Case No. 4:08-11046
                                                HONORABLE PAUL V. GADOLA
v.                                             UNITED STATES DISTRICT JUDGE

JERI-ANN SHERRY,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Antoine McKay, ("Petitioner"), presently confined at the Straits Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, M.C.L. § 750.316; and felony-firearm, M.C.L. § 750.227b. Petitioner has also filed a "Motion for Leave for Permission to Exhaust State Post-Conviction Remedies to Non-Exhausted Constitutional Claims in Order to Bring a Timely Perfected Petition Pursuant to 28 U.S.C. § 2254/18 U.S.C. § 3006A, (CJA) Plan," in which he asks this Court to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust five claims which were not raised in his direct appeal. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to complete his post-conviction proceedings in the state courts to exhaust his claims. The Court will also administratively close the case.

    **I.**    **Background**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. McKay,* No. 251889 (Mich.

Ct. App. February 15, 2005); *lv. den.* 474 Mich. 856; 702 N.W. 2d 582 (2005).

Petitioner subsequently filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court. Both the trial court and the Michigan Court of Appeals denied petitioner post-conviction relief. Petitioner's post-conviction appeal remains pending in the Michigan Supreme Court.

On February 26, 2008, Petitioner filed what appears to be a protective petition for writ of habeas corpus, in which he seeks habeas relief from his convictions.

**II.     Discussion**

Petitioner has asked this Court to hold the instant petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust claims which he contends were not presented to the Michigan appellate courts as part of the direct review process.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and

unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

To the extent that Petitioner is seeking habeas relief on the grounds raised in his post-conviction proceedings, these claims are unexhausted because they remain pending before the Michigan Supreme Court. A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.*, 421 F. 2d 1384, 1386 (6th Cir. 1970).

The Court is concerned that in dismissing the current petition outright, there is the possibility that Petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of her claims in the state courts. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). At least two other judges in this district have held a habeas petition in abeyance while a habeas petitioner's post-conviction appeal remained pending in the Michigan Supreme Court, as is the case here. *See Wood v. Jones*, 2006 WL 1877060 (E.D. Mich. July 06, 2006) (Friedman, J.); *Brown v. Wolfenbarger*, 2005 WL 3465862 (E.D. Mich.

3

December 16, 2005) (Rosen, J.).

A federal court may therefore stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.*

Therefore, in order to avoid Petitioner being time-barred from seeking habeas relief following her return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon Petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove*, 300 F. 3d at 718; *Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. Conclusion

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner re-filing his habeas petition under the current caption and case number within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**SO ORDERED.**

Dated:   April 21, 2008  				s/Paul V. Gadola
							HONORABLE PAUL V. GADOLA
							UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 21, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Antoine McKay                                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                              .

						s/Ruth A. Brissaud
						Ruth A. Brissaud, Case Manager
						(810) 341-7845

---