UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE McKAY,

    Petitioner,                             Civil Case No. 4:08-11046
                                                HONORABLE PAUL V. GADOLA
v.                                               UNITED STATES DISTRICT JUDGE

JERI-ANN SHERRY,

    Respondent,
_____/

**OPINION AND ORDER GRANTING MOTION TO REOPEN HABEAS PETITION, DENYING AS MOOT PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS, ORDERING THAT THE PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE.**

On April 21, 2008, this Court entered an opinion and order granting Petitioner's motion to hold his habeas petition in abeyance pending the completion of state post-conviction proceedings by petitioner. The Court also administratively closed the case. Petitioner has now filed a motion or request to reopen the habeas petition. For the reasons stated below, the motion to reopen the habeas petition is **GRANTED**. The Court will deny as moot Petitioner's application to proceed *in forma pauperis*, in light of the fact that he has already been granted this status. The Court will further order that the Clerk of the Court serve a copy of the petition for writ of habeas corpus upon Respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the Respondent to file a responsive pleading to the petition and the Rule 5 materials within sixty (60) days of the Court's Order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998);

1

*Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

Petitioner has also filed an application to proceed *in forma pauperis*. However, on April 3, 2008, Magistrate Judge R. Steven Whalen signed an order granting Petitioner's original application to proceed *in forma pauperis*. Because this Court has already granted Petitioner leave to proceed *in forma pauperis*, it is unnecessary for Petitioner to again obtain permission to proceed *in forma pauperis* in this case. Petitioner's current application to proceed *in forma pauperis* [docket entry #10] will therefore be denied as moot. *See McMillan v. McKune*, 16 Fed.Appx. 896, 897 (10th Cir. 2001).

The Court will further order that the Clerk of the Court serve a copy of the habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry*, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005).

The Court will also order Respondent to file a response to the habeas petition within sixty (60) days of the Court's order. A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order Respondent to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant

portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler*, 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

Finally, the Court will give Petitioner forty-five (45) days from the receipt of Respondent's answer to file a reply brief to Respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes*, 2005 WL 1838443, at *4 (E.D. Mich. Aug. 1, 2005).

Accordingly, based on the foregoing, the request to reopen the petition for a writ of habeas corpus [docket entry #8] is **GRANTED** and the petition is reinstated to the Court's active docket**.**

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the petition for writ of habeas corpus filed on June 26, 2008 [docket entry #9] and a copy of this Order on Respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that Respondent shall file an answer and produce the entire state court record within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that Petitioner shall have **forty-five (45) days** from the date that he receives the answer to file a reply brief.

**SO ORDERED.**

Dated:      July 9, 2008              s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

| Certificate of Service |
|---|
| I hereby certify that on   July 9, 2008    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <br> _____ , and <br> I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Antoine McKay <br> . <br><br>                                      s/Ruth A. Brissaud <br>                                      Ruth A. Brissaud, Case Manager <br>                                      (810) 341-7845 |